STATE OF OREGON,
*Respondent,*

*v.*

DENNIS FRANK LaFRIENIER,
*Appellant.*

(C88-03-31133; CA A49946)

776 P2d 1325

David K. Allen, Portland, argued the cause and filed the brief for appellant.

Wendy Jo Paris, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals his convictions for burglary in the first degree, ORS 164.225(1), and unauthorized use of a motor vehicle, ORS 164.135(1), assigning as error the trial court's denial of his motion to suppress evidence.[1] We affirm.

At the hearing on the motion, the trial court made these findings, which are supported by the evidence: While driving through a residential neighborhood on March 4, 1988, Officer Woolcock noticed a car, with defendant in it, stopped in front of a house. Woolcock was familiar with both the neighborhood and the house, but he did not recognize either the car or defendant. Neither a vehicle that was often parked in the driveway of the house nor a person who frequently worked in the front yard was visible. Although it was a rainy day, the front door of the house was standing open.

In addition, Woolcock testified that there had been a recent series of burglaries in the area. In those burglaries, the perpetrators had stolen a vehicle of the same make as the one defendant was driving and backed it into the driveway of the home for loading the stolen property.

Woolcock checked the license plate of the car and found that it had not been reported stolen. He returned to the house and saw that the vehicle was then backed into the driveway. After the officer got out of his car to talk to defendant, defendant sounded the vehicle's horn. He told Woolcock that he was waiting for a friend. As he was talking with defendant, the officer noticed that the front door of the house had been broken open and was splintered. Woolcock then arrested defendant.

Defendant argues that he was illegally detained by Woolcock and that all evidence obtained as a result of the investigative stop should be suppressed. The trial court ruled that defendant was stopped within the meaning of ORS 131.615 when Woolcock approached to speak with him but that the stop was supported by the officer's reasonable suspicion of defendant's involvement in criminal activity and was legal.

---

[1] Defendant's other assignment of error is meritless.

Woolcock testified that he parked his police car in the driveway in front of defendant's car to prevent the vehicle from being driven away and that he did so in order to restrain defendant's freedom of movement. That was a stop. The question is whether that stop was supported by a reasonable suspicion of criminal activity. We hold that it was. Defendant, a stranger, was present on the property when the usual residents appeared to be away, and the front door of the house was standing open, even though it was a rainy day in March. Also, the vehicle was the same make as others known to have been used in similar burglaries. Under those circumstances, Woolcock was justified in stopping defendant and in making an inquiry under ORS 131.615.

Affirmed.